JUSTICE RICE
specially concurring.
¶47 The conclusion we have reached herein is stark. The parties admitted for purposes of this appeal that the injured worker’s back surgery in September of2000 was a consequence of his 1992 industrial injury, yet application of the statutes releases the insurer from the burden of that necessary expense and casts it upon the injured worker and, if he cannot sustain the burden, upon society as a whole.
¶48 The culmination of legislative policies which remove the legal *145 profession from the process, impose deadlines for receiving medical care, and then fail to notify injured workers of the deadline, is, in my view, unduly harsh and unfair. It is particularly so when the nature of the injury at issue may require multiple years to fully resolve. In addition to being harsh, this provision has the unintended effect of punishing injured workers who refrain from seeking medical care until their declining condition forces them to do so, which may then be too late.
¶49 The 60-month provision is still in effect. See § 39-71-704(e), MCA (2003). I would urge the Legislature to revisit this provision to ensure that necessary medical care arising from an industrial injury is authorized, and that workers, many of whom are now unrepresented, are advised of any deadline affecting their ability to obtain care for a work-related injury.
JUSTICE LEAPHART joins in the special concurring opinion of Justice Rice.